UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Timothy W. Arthur, ) | C/A No. 3:24-cv-4959-MGL-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina; U.S. Probation ) | |
| Office; Richland County Law Enforcement; ) | |
| P.O. Bryant Sowell, *Fed. Probation Officer*; ) | |
| Federal B.O.P., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, brings this civil action against the above-named Defendants alleging violations of his constitutional rights. This action is filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (a "*Bivens*" action). Although Plaintiff's claims concern his prior incarceration in both state and federal custody and related charges and convictions, Plaintiff is not presently incarcerated.

Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned concludes that this action is subject to summary dismissal.

**BACKGROUND**

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to both 42 U.S.C. § 1983 and *Bivens*. ECF No. 1. By Order dated September 20, 2024,

1

the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court in its Order. ECF No. 11. The Court noted, however, that Plaintiff might be able to cure the deficiencies of his Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 9–10. Plaintiff was notified that "an amended complaint replaces all prior complaints and should be complete in itself." *Id*. at 10. Further, Plaintiff was specifically warned:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal . . . without further leave to amend.

*Id*. (emphasis omitted). Thereafter, Plaintiff filed an Amended Complaint, which was entered on the docket on September 30, 2024. ECF No. 13.

Although an amended complaint replaces all prior complaints, the Court will consider the allegations contained in both the original Complaint and the Amended Complaint out of an abundance of caution.

**Factual Allegations from the Original Complaint**

Plaintiff makes the following allegations in his original Complaint. ECF No. 1. As to his § 1983 claims, Plaintiff contends state and local officials violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by subjecting him to wrongful imprisonment, denying his due process rights, and unlawfully seizing him. *Id*. at 4. As to his *Bivens* claims, he contends that federal officials violated his rights under the Fourth, Fifth, and

2

Fourteenth Amendments to the United States Constitution by "violating" him while he was on probation for mail fraud.[1]  *Id*.

According to Plaintiff, South Carolina state officials and Federal Bureau of Prison ("BOP") officials incarcerated him unlawfully in violation of his rights.  *Id*.  Plaintiff also asserts that his supervised release was unlawfully revoked, leading to his incarceration by state and federal officials.  *Id*.  Specifically, Plaintiff alleges he was arrested on July 8, 2019, and was incarcerated from July 9, 2019, to April 20, 2020, and from August 20, 2020, to May 24, 2021, "for the same wrongful events."  *Id*.  Plaintiff alleges that he was held in both federal and state prisons related to his probation on a mail fraud charge and for local charges of domestic violence that were later expunged.  *Id*.

For his injuries, Plaintiff alleges he lost two houses and land, two vehicles, two motorcycles, and furniture.  *Id*. at 6.  *Id*.  He contends he suffered emotional distress including anxiety, depression, and PTSD.  *Id*.  He contends he has lost jobs and wages due to his incarceration.  *Id*.  Plaintiff also alleges he suffered physical harm due to the conditions of his confinement including poor medical treatment.  *Id*.  For his relief, Plaintiff seeks compensatory damages and punitive damages, and he seeks a public apology from Defendants.  *Id*.

**Factual Allegations from the Amended Complaint**

In his Amended Complaint, Plaintiff makes substantially similar allegations to those in the original Complaint.  Plaintiff contends he asserts claims under 42 U.S.C. § 1983 for the deprivation of his rights to include illegal seizure and false imprisonment in violation of the Fourth Amendment, infringement of his due process rights in violation of the Fifth Amendment, and

---

[1] The Court construes this allegation to mean that officials created circumstances by which Plaintiff was deemed to have violated his probation.

infringement of his equal protection and substantive due process rights in violation of the Fourteenth Amendment. ECF Nos. 13 at 2–3. Plaintiff asserts claims under *Bivens* because federal officials deprive him of his rights to include illegal seizure and detention in violation of the Fourth Amendment, infringement of his due process rights in violation of the Fifth Amendment, and denial of equal protection in violation of the Fourteenth Amendment. *Id*. at 3.

Plaintiff contends he was wrongfully arrested on July 8, 2019, while on supervised release. *Id*. Plaintiff alleges he was detained without probable cause, leading to imprisonment at the Lexington County Detention Center and Richland County Detention Center. *Id*. According to Plaintiff, while imprisoned at the Detention Centers, he was "subjected to poor conditions, including inadequate medical care, denial of due process, and unconstitutional confinement." *Id*. Plaintiff contends these "events began on July 8, 2019, and continued through May 24, 2021." *Id*. Plaintiff alleges he was wrongfully detained under the pretext of violating probation and his due process rights were violated because there was no legal basis for revoking his release. *Id*. at 4. Plaintiff contends that he was subjected to inhumane conditions, inadequate medical treatment, and emotional distress during the period of his confinement. *Id*.

For his injuries, Plaintiff contends that he suffered from severe emotional distress, anxiety, PTSD, and depression due to the wrongful imprisonment. *Id*. Plaintiff also contends he suffered from poor conditions of confinement leading to physical pain, lack of adequate medical care, and ongoing mental health issues. *Id*. For his relief, Plaintiff seeks compensatory damages in the amount of $5 million and punitive damages in the amount of $2 million. *Id*. Plaintiff also "demands a public apology from [D]efendants."

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

(explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff also asserts claims pursuant to *Bivens*, which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving a § 1983 claim is applicable in a *Bivens* action, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 n.30 (1982). The Complaint filed in this case is subject to dismissal for the reasons below.

**Defendants Entitled to Dismissal**

As an initial matter, all Defendants named in this action are subject to dismissal as they are not "persons" subject to suit or they are immune from suit. In this Court's Order to Amend, Plaintiff was warned that if he named the same Defendants, his claims against them would be subject to dismissal. Despite this warning, Plaintiff has again named the same Defendants who are all entitled to dismissal.

It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action or *Bivens* action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). "The State of South Carolina is not a 'person' amenable to suit under § 1983." *Boyd v. South Carolina*, C/A No. 7:19-cv-00867-BHH-JDA, 2019 WL 2061495, at *5 (D.S.C. Mar. 28, 2019) (collecting cases), *R&R adopted by* 2019 WL 2057961 (D.S.C. May 9, 2019), *aff'd*, 773 F. App'x 678 (4th Cir. 2019) Because the State of South Carolina is not a person under § 1983, the Amended Complaint should be dismissed against this Defendant for failure to state a claim upon which relief may be granted.[2]

Similarly, Defendant Richland County Law Enforcement is subject to dismissal as it is not a person subject to suit under § 1983. It is not clear who or what Plaintiff is referencing in naming "Richland County Law Enforcement" as a Defendant. In his Amended Complaint, Plaintiff alleges

---

[2] Further, the State of South Carolina would also be entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. U.S. Const. Amend. XI; *see Harter v. Vernon*, 101 F.3d 334, 338–39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248–50 (D.S.C. 1989). A state must expressly consent to suit in a federal district court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). However, the State of South Carolina has not consented to suit in federal court. *See* S.C. Code § 15-78-20(e) (1976). Because the Eleventh Amendment bars the relief that Plaintiff requests against the State of South Carolina, the Complaint fails to state a claim on which relief may be granted against this Defendant.

this Defendant's employer is the Richland County Sheriff's Department and also references Richland County. *See* ECF No. 13 at 2. Plaintiff may be referring to Richland County, the Richland County Sheriff's Department, or some other department or facility within Richland County. In any case, this Defendant is subject to dismissal. "Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law." *Green v. Richland Cnty. Sheriff's Dep't*, C/A No. 3:10-cv-3162-JFA-JRM, 2011 WL 13120816, at *2 (D.S.C. Feb. 24, 2011) (dismissing Richland County Sheriff's Department), *R&R adopted by* 2011 WL 13120817 (D.S.C. Mar. 21, 2011). To the extent Plaintiff is referring to the Richland County Sheriff's Department, it is not a "person" amenable to suit under § 1983.³ *See Maxwell v. Lott*, C/A No. 3:23-cv-5037-CMC, 2024 WL 3174498, at *2 (D.S.C. June 26, 2024) ("[T]he Richland County Sheriff [should] be dismissed as a defendant because it is not a 'person' amenable to suit under § 1983."). And to the extent Plaintiff is referring to Richland County, he has failed to allege facts to state a claim against it under *Monell v. Dep't of Social Services,* 436 U.S. 658 (1978). Specifically, Plaintiff has not alleged facts showing the existence of an official policy or custom that proximately caused the deprivation of his rights as required by *Monell*. *See, e.g. Curry-Cobbs v. Richland Cnty.*, C/A No. 3:22-cv-4394-JDA, 2024 WL 2781936, at *3 (D.S.C. May 30, 2024); *Werts v. Cnty. of Richland*, C/A No. 3:05-cv-3203-MBS, 2007 WL 914039, at *6 (D.S.C. Mar. 23, 2007).

Further, the United States Probation Office and the BOP are both entitled to dismissal as they are not proper parties subject to suit under *Bivens*. "[A]bsent a clear waiver of sovereign

---

³ Additionally, the Richland County Sheriff's Department, like the State of South Carolina, and any other Defendant that is an agency of the State, is entitled to immunity under the Eleventh Amendment, thus barring Plaintiff's claims against it. *Werts*, 2007 WL 914039, at *6 ("[T]he Richland County Sheriff's Department is considered a state agency for purposes of a § 1983 claim, and therefore normally has absolute immunity from suit in federal court under the Eleventh Amendment to the United States Constitution.").

immunity, a *Bivens* claim cannot be brought against a federal agency or federal officials in their official capacities." *Hill v. Winston-Salem Fed. Prob. Off.*, C/A No. 1:22-cv-107, 2022 WL 20472330, at *2 (M.D.N.C. Apr. 22, 2022), *R&R adopted by* 2023 WL 5021195 (M.D.N.C. Aug. 7, 2023). It is well settled that the United States Probation Office and BOP are not properly sued under *Bivens* and any such claims against them should be dismissed. *See Morales-Dorantes v. United States*, C/A No. 1:15-cv-12647, 2018 WL 3650386, at *3 (S.D.W. Va. Mar. 27, 2018) (explaining "the United States Probation Office [is] not properly sued under *Bivens*"), *R&R adopted by* 2018 WL 3637353 (S.D.W. Va. July 31, 2018); *Townsend v. Asumah*, C/A No. 1:10-cv-123, 2011 WL 1357487, at *1 (N.D.W. Va. Mar. 18, 2011) (noting the BOP is not a proper defendant under *Bivens*), *R&R adopted by* 2011 WL 1357484 (N.D.W. Va. Apr. 11, 2011); *Murphy-Barber v. Murray*, 91 F.3d 132 (4th Cir. 1996) ("The district court properly dismissed the claims against . . . Bureau of Prisons because they are not persons subject to suit under *Bivens*.").

Finally, Defendant Bryant Sowell, who is simply identified as a Federal Probation Officer (ECF Nos. 1 at 2; 13 at 2), is entitled to dismissal because Plaintiff makes no allegations against him in his individual capacity to state a cognizable claim for relief under *Bivens*. Although Plaintiff identifies Defendant Sowell in the caption of his Complaint and Amended Complaint, he does not allege facts as to this Defendant to state a claim for relief. Instead, he makes only vague, general allegations. "[S]uch general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff makes no factual allegations in the Complaint of personal involvement against Defendant Sowell, he is entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint

9

alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

**Failure to State a Claim**

The action as a whole is subject to dismissal because Plaintiff fails to allege facts sufficient to state a claim for relief that is plausible. Although Plaintiff cites certain constitutional amendments and appears to be trying to assert claims for false arrest, false imprisonment, and/or malicious prosecution. However, to the extent Plaintiff intends to asserts those claims, they are each without merit because Plaintiff has not alleged sufficient facts to support such claims.[4] *See, e.g., Wright v. Beard*, C/A No. 1:23-cv-153-KDB, 2023 WL 6466804, at *4 (W.D.N.C. Oct. 4, 2023) (discussing requirements for Fourth Amendment claim and concluding the allegations made were "too vague and conclusory to plausibly suggest that, at the time of the arrest, any Defendant acted without reasonably believing that probable cause existed").

Additionally, Plaintiff refers to the conditions of his confinement. Plaintiff has not, however, identified any unconstitutional conditions of his confinement nor has he identified any individual responsible for any such deprivations. In short, Plaintiff does little more than present

---

[4] Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

cursory assertions and legal conclusions. Plaintiff must allege more than mere conclusory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). Plaintiff has not done so here.

**Statute of Limitations**

Plaintiff asserts he was subjected to an unlawful seizure, false arrest, and various other violations of his constitutional rights. His claims, however, are barred by the applicable statute of limitations, even if the Court were to find such claims were not subject to dismissal for the reasons already stated. "The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years." *Kelley v. Black*, C/A No. 3:22-cv-1987-BHH-PJG, 2023 WL 1827745, at *2 (D.S.C. Jan. 20, 2023), *R&R adopted by* 2023 WL 1822143 (D.S.C. Feb. 8, 2023). The same is true for a *Bivens* claim. *See Perez-Perez v. Floyd*, C/A No. 9:19-cv-1984-CMC-BM, 2019 WL 7944417, at *4 (D.S.C. Dec. 4, 2019) ("State law concerning limitation of actions applies in claims brought under *Bivens*."), *R&R adopted by* 2020 WL 58286 (D.S.C. Jan. 6, 2020). A § 1983 cause of action, as well as a *Bivens* claim, accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). The statute of limitations for an arrestee's false arrest or false imprisonment claim begins to run at the time of arrest. *Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

Plaintiff alleges he was arrested on July 8, 2019. ECF No. 13 at 3. Plaintiff also alleges that the events giving rise to his claims "began on July 8, 2019, and continued through May 24, 2021." *Id*. Therefore, the statute of limitations for Plaintiff's false arrest/false imprisonment claim began to run on July 9, 2019, and expired three years later in 2022. Even construing Plaintiff's allegations as repeated acts during the alleged time period and using the last date alleged—May 24, 2021—the statute of limitations expired on May 24, 2024. Plaintiff did not file this action until September 2024, more than four months after the expiration of the statue of limitations. Accordingly, Plaintiff's claims are time-barred.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court DISMISS this action pursuant to 28 U.S.C. § 1915 without further leave to amend[5] and without issuance and service of process.

IT IS SO RECOMMENDED.

s/William S. Brown<br>
United States Magistrate Judge

November 4, 2024  
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).